Nicole L. Greenblatt, P.C.
Susan D. Golden
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Whitney Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) ) ) | Case No. 20-11647 (JLG) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**MOTION PURSUANT**
**TO 11 U.S.C. §§ 107(c) AND 105 (a) FOR**
**AN ORDER AUTHORIZING THE DEBTORS TO REDACT**
**AND FILE UNDER SEAL CERTAIN PERSONALLY IDENTIFIABLE**
**INFORMATION ON THE CREDITOR MATRIX, SCHEDULES, AND STATEMENTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lakeland Tours, LLC (2946); Brightspark Travel, Inc. (4913); Explorica Merida Holdings, LLC (6915); Explorica Travel, Inc. (4040); Explorica, Inc. (3247); GlobaLinks - Canada, LLC (0811); GlobaLinks, LLC (6865); Heritage Education & Festivals, LLC (6352); International Studies Abroad, LLC (4025); ISA World Holding, LLC (5258); Lakeland Finance, LLC (9273); Lakeland Holdings, LLC (2612); Lakeland Seller Finance, LLC (0866); Leadership Platform Acquisition Corporation (4276); National Educational Travel Council, LLC (5704); Oxbridge Academic Resources, LLC (6010); Travel Turf, Inc. (0766); WH Blocker, Inc. (5344); WorldStrides Holdings, LLC (5007); WorldStrides International, LLC (6303); WS Holdings Acquisition, Inc. (9485); WS Holdings, Inc. (0057); WS Purchaser, Inc. (0370). The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Kellie Goldstein, Chief Financial Officer of Lakeland Tours, LLC d/b/a WorldStrides, (I) In Support of Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously with the commencement of these chapter 11 cases and incorporated by reference herein.

**Relief Requested**

1.    By this Motion,[3] pursuant to sections 107(c) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") authorizing the Debtors to: (a) file redacted Creditor Matrix, Schedules, and Statements pursuant to the *Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information for the Debtors' Employees and Equity Holders, (IV) Approving the Form, Manner, and Entities to Be Notified of Commencement, and (V) Granting Related Relief* (the "Creditor Matrix Motion") redacting (i) the home addresses of individuals listed on the Creditor Matrix or other document filed with the Bankruptcy Court and (ii) the name and address information in respect of individuals protected by the GDPR, (b) directing that the Creditor Matrix and other redacted documents shall remain under seal and confidential, and shall not be made available to any party other than (i) the Court, (ii) the U.S. Trustee, (iii) counsel to any official committee appointed in these cases, and any party in interest, upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, and (c) granting such other and further relief as the Court deems just and proper.

---

[3] Capitalized terms used but not defined herein have the meanings given to them in the Creditor Matrix Motion.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

**Background**

5. The Debtors, together with their non-Debtor affiliates, provide full-service educational travel and experiential learning programs domestically and internationally for students from K12 to graduate level. The Debtors are the United States' largest accredited travel company, providing organized educational travel and other experiential learning programs for more than 550,000 students in 2019. The Debtors generated approximately $650 million in net revenue in fiscal year 2019, and employ approximately 1,500 people domestically and internationally. The Debtors have historically enjoyed a stable position as the preeminent provider of educational travel. However, the Debtors' businesses have sustained significant losses as a result of the worldwide shutdown of travel due to the COVID-19 pandemic, with additional constraints to liquidity anticipated in August and September 2020 as the Debtors continue to provide customer

refunds. As of July 20, 2020, (the "Petition Date"), the Debtors have approximately $768 million in funded debt obligations.

6. Prior to the Petition Date, the Debtors entered into a restructuring support agreement (the "Restructuring Support Agreement") with their key stakeholders, including approximately 85% of the holders of the Debtors' senior secured credit facility, their consenting hedge provider J. Aron & Company, and their sponsors, Eurazeo North America and Primavera Capital Management Ltd. (the "Sponsors"), and launched solicitation of a prepackaged plan of reorganization (the "Plan"). The Debtors have commenced these chapter 11 cases to effectuate the transactions contemplated in the Restructuring Support Agreement and the Plan to restructure their funded debt, while ensuring that the financial restructuring will have a minimal impact on the Debtors' operations, their key business partners, and their customers.

7. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

**Argument**

**I. Redaction of Certain Confidential Information of Individual is Warranted.**

8. Section 107(c) of the Bankruptcy Code provides that the Bankruptcy Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]
>
> (A) *Any* means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

4

(B) ***Other information*** contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1) (emphases added).  Furthermore, Bankruptcy Rule 9037(a) authorizes the Bankruptcy Court to redact personally identifiable information of minors.  *See* Fed. R. Bankr. P. 9037(a).

9. In addition, privacy protection regulations are being enacted in key jurisdictions. In 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation.  Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria:  (i) annual gross revenue in excess of $25 million; (ii) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (iii) receives 50% or more of their annual revenues from selling consumers' personal information. Cal. Civ. Code § 1798.140(c)(1).  The Debtors likely qualify as CCPA Entities because they conduct business in California and the Debtors' annual gross revenue for 2019 was over $25 million.

10. In addition, the European General Data Protection Regulation (the "GDPR") imposes significant constraints on the disclosure of information relating to identified or identifiable individuals (which includes names and home addresses of individuals).  The GDPR applies to all organizations processing such information in the context of an establishment in the United Kingdom or a European Economic Area member state (and, in some circumstances, organizations established in other countries when processing such information relating to individuals located in

5

the United Kingdom or European Economic Area). Violators of the GDPR risk severe penalties. If an organization is found to have processed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The processing of information includes transferring or disclosing it to others. The GDPR may apply to the Debtors, as certain of the Debtors may be processing data relating to their creditors, including employees, equity holders, and customers, in the context of an establishment in the United Kingdom or in a member state of the European Economic Area.

11. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Bankruptcy Court in these chapter 11 cases, including the Creditor Matrix, Schedules, and Statements (a) the home addresses of individual creditors—including the Debtors' employees, former employees, and customers—and equity holders and (b) the names and addresses of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state because (x) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking and (y) disclosure risks violating the CCPA and GDPR, exposing the Debtors to potential civil liability and significant financial penalties. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[4]

---

[4] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

6

12.  The Debtors propose to provide an unredacted version of the Creditor Matrix, list of equity holders, and any other applicable filings redacted pursuant to the proposed order to (a) the Bankruptcy Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and (b) any party in interest, upon a request reasonably related to these chapter 11 cases directed to the Debtors (email is sufficient) or to the Court.  In addition, the Debtors will distribute, as applicable, any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.  The Debtors request that such documents remain redacted for the duration of these chapter 11 cases unless otherwise ordered by the Bankruptcy Court.

13.  Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases.  *See*, *e.g.*, *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (authorizing the debtors to redact personal information from public versions of the statements and schedules); *In re The McClatchy Co.*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) (authorizing the debtors to use corporate addresses for, or redact address information of, individual creditors on the creditor matrix); *In re Fairway Grp. Holdings Corp.*, No. 20-10161 (JLG) (Bankr. S.D.N.Y. Feb. 3, 2020) (authorizing the debtors to redact address information of individual creditors and interest holders listed on the creditor matrix and lists of equity holders); *In re Aegean Marine Petrol. Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 22, 2020) (authorizing the debtors to redact personal information from public versions of the statements and schedules); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Nov. 4, 2019) (authorizing the debtors to redact personally identifiable information, including home address information, of their employees on the creditor matrix, schedules and statements, or similar documents filed with the court); *In re Deluxe Entm't. Servs., Inc.*, No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (authorizing the debtors to redact

7

personally identifiable information, including home address information, of their employees and former employees on the creditor matrix).[5]

14. Courts in other districts have also expounded on the importance of authorizing debtors to redact employees and other individual creditors' personally identifiable information. Notably, in his bench ruling in *Forever 21*, Judge Gross stated that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

15. Judge Gross further found that individuals home addresses *are* a means of identification that may be protected under section 107(c), stating "[w]hat is critical is that the residential address that appears on the driver's license, and that is why driver's licenses are protected, because of the driver's address. And further on in Section 1028, a means of identification, which is the term used in Section 107, specifically includes a driver's license, which, again, is material for containing a home address."[6]  *Id.* at 61:22-25, 62:1–3.

16. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the GDPR, the home addresses of individuals where such information has been provided to, and is being processed by, an organization with an establishment located in the United Kingdom or a member state of the European Economic Area (and, with respect to such information processed by an organization with

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these cited orders are available upon request to the Debtors' proposed counsel.

[6] This ruling is consistent with Judge Gross' previous rulings on this issue. *See, e.g.*, Hr'g Tr. at 48:1–3, *In re Hexion Holdings* LLC, No. 19 10684 (KG) (Bankr. D. Del. June 24, 2019) ("So, here, the home address, plus the fact of employment by debtors in this day and age exposes employees to identity theft."); Hr'g Tr. at 21:13–14, *In re Dex Media, Inc.*, No. 16-11200 (Bankr. D. Del. May 18, 2016) ("I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted[.]").

an establishment located in the United Kingdom or a member state of the European Economic Area, the names and home addresses of any individuals) listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their efforts to maximize the value of their estates, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## Notice

17.    The Debtors will provide notice of this Motion to: (a) the U.S. Trustee for the Southern District of New York, Attn: Benjamin J. Higgins; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agent under the Debtors' prepetition credit agreement and counsel thereto; (d) counsel to the Sponsors, Cravath, Swaine & Moore LLP, Worldwide Plaza, 825 Eighth Avenue, New York, NY 10019, Attn: Paul H. Zumbro and George E. Zobitz, and Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Michael H. Torkin; (e) counsel to the ad hoc group of Consenting Lenders, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: Scott J. Greenberg, Steven A. Domanowski and Jeremy Evans; (f) the United States Attorney's Office for the Southern District of New York; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the office of the attorney general in the states where the Debtors conduct their business operations; and (j) any party that has requested notice pursuant to

9

Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

18.     No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these chapter 11 cases.

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the Order granting the relief requested herein and such other relief as the Bankruptcy Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: July 22, 2020<br>New York, New York | */s/ Nicole L. Greenblatt*<br>Nicole L. Greenblatt, P.C.<br>Susan D. Golden<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>- and -<br><br>Whitney Fogelberg (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LAKELAND TOURS, LLC, *et al.*,[1] | ) ) | Case No. 20-11647 (JLG) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**ORDER GRANTING DEBTORS'**
**MOTION PURSUANT TO 11 U.S.C. §§ 107(c)**
**AND 105 (a) FOR AN ORDER AUTHORIZING**
**THE DEBTORS TO REDACT AND FILE UNDER SEAL**
**CERTAIN PERSONALLY IDENTIFIABLE INFORMATION**
**ON THE CREDITOR MATRIX, SCHEDULES, AND STATEMENTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 107(c) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order (this "Order") authorizing the Debtors to (a) file redacted Creditor Matrix, Schedules and Statements, and list of individual equity holders, redacting (i) the home addresses of individuals listed on the Creditor Matrix or other documents filed with the Bankruptcy Court and (ii) the name and address information in respect of individuals protected by the GDPR, (b) directing that the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Lakeland Tours, LLC (2946); Brightspark Travel, Inc. (4913); Explorica Merida Holdings, LLC (6915); Explorica Travel, Inc. (4040); Explorica, Inc. (3247); GlobaLinks - Canada, LLC (0811); GlobaLinks, LLC (6865); Heritage Education & Festivals, LLC (6352); International Studies Abroad, LLC (4025); ISA World Holding, LLC (5258); Lakeland Finance, LLC (9273); Lakeland Holdings, LLC (2612); Lakeland Seller Finance, LLC (0866); Leadership Platform Acquisition Corporation (4276); National Educational Travel Council, LLC (5704); Oxbridge Academic Resources, LLC (6010); Travel Turf, Inc. (0766); WH Blocker, Inc. (5344); WorldStrides Holdings, LLC (5007); WorldStrides International, LLC (6303); WS Holdings Acquisition, Inc. (9485); WS Holdings, Inc. (0057); WS Purchaser, Inc. (0370). The location of the Debtors' service address in these chapter 11 cases is: 49 West 45th Street, New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Creditor Matrix and other redacted documents shall remain under seal and confidential, and shall not be made available to any party other than (i) the Court, (ii) the U.S. Trustee, (iii) counsel to any official committee appointed in these cases, and any party in interest, upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, all as more fully set forth in the Motion; and this Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted as set forth herein.

2.  The Debtors are authorized, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact (a) the home addresses of individuals listed on the Creditor Matrix and list of individual equity holders or other documents filed with the Bankruptcy Court; and (b) the name and address information in respect of individuals protected by the GDPR.

3. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to (x) the Court, the U.S. Trustee, and counsel to any official committee appointed in these chapter 11 cases, and (y) any party in interest, upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, subject to the restrictions of the CCPA and GDPR; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

4. Nothing herein precludes a party in interest's, or the U.S. Trustee's, right to file a motion requesting that the Bankruptcy Court unseal the information redacted by this Order.

5. The Debtors shall submit an unredacted copy of the Creditor Matrix, Schedules and Statements, and list of equity holders to the Clerk of the Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of the Court and may not be unsealed until and unless permitted by further order of the Court.

6. Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the sealed documents at the conclusion of the contested matter.

7. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2020

                                                  THE HONORABLE JAMES L. GARRITY, JR.  
                                                  UNITED STATES BANKRUPTCY JUDGE

4